United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-02529-MJC |
| Kathryn E Brenner | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

District/off: 0314-5       User: AutoDocke       Page 1 of 2

Date Rcvd: Oct 20, 2025       Form ID: pdf002       Total Noticed: 21

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 22, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Kathryn E Brenner, 101 Buck Run Drive, Milford, PA 18337-4472 |
| 5739886 | + | CHREBET ASSOCIATES LLC, 3514 US HIGHWAY 9, HOWELL, NJ 07731-3345 |
| 5739887 | | Dingmans Medical Center, 1592 Route 739 Suite 1, Dingmans Ferry, PA 18328-3513 |
| 5739891 | | Labcorp, 358 South Main Street, Burlington, NC 27215-5837 |
| 5739895 | | Summit Health, PO Box 95000, Philadelphia, PA 19195-0001 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5739884 | | Email/Text: customer.service@atlantichealth.org | Oct 20 2025 18:45:00 | Atlantic Health System, PO Box 21385, New York, NY 10087-1385 |
| 5739885 | + | Email/PDF: acg.coaf.ebn@aisinfo.com | Oct 20 2025 18:55:23 | CAPITAL ONE AUTO FINANCE, PO BOX 259407, PLANO, TX 75025-9407 |
| 5740685 | + | Email/PDF: acg.acg.ebn@aisinfo.com | Oct 20 2025 18:55:14 | Capital One Auto Finance, a division of, AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5749137 | + | Email/PDF: acg.acg.ebn@aisinfo.com | Oct 20 2025 18:45:07 | Capital One Auto Finance, a division of Capital On, 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5739888 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Oct 20 2025 18:45:00 | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 5739889 | ^ | MEBN | Oct 20 2025 18:39:52 | KIKOFF LENDING, LLC, PO BOX 40070, RENO, NV 89504-4070 |
| 5739890 | ^ | MEBN | Oct 20 2025 18:39:49 | KML Law Group, Attn: Geraldine M. Linn, Esq, 701 Market Street Suite 5000, Philadelphia, PA 19106-1541 |
| 5739892 | + | Email/PDF: resurgentbknotifications@resurgent.com | Oct 20 2025 18:55:24 | LVNV FUNDING LLC, PO BOX 1269, GREENVILLE, SC 29602-1269 |
| 5751354 | + | Email/Text: bankruptcy@certified-solutions.com | Oct 20 2025 18:45:00 | NEWTON MEDICAL CTR, C/O CERTIFIED-SOLUTIONS, PO BOX 1750, WHITEHOUSE STATION, NJ 08889-1750 |
| 5739893 | + | Email/Text: opportunitynotices@gmail.com | Oct 20 2025 18:46:00 | OPPORTUNITY FINANCIAL, 130 E RANDOLPH ST STE 34, CHICAGO, IL 60601-6207 |
| 5739894 | + | Email/PDF: ebnotices@pnmac.com | Oct 20 2025 18:55:16 | PENNYMAC LOAN SERVICES, 6101 CONDOR DR STE 200, MOORPARK, CA 93021-2602 |
| 5740133 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Oct 20 2025 18:46:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA |

| | | | | |
|---|---|---|---|---|
| | | | | 17128-0946 |
| 5748595 | + | Email/PDF: ebnotices@pnmac.com | | |
| | | | Oct 20 2025 18:55:34 | PennyMac Loan Services, LLC., P.O. Box 2410, Moorpark, CA 93020-2410 |
| 5739896 | + | Email/Text: brittany@sunriselake.org | | |
| | | | Oct 20 2025 18:46:24 | Sunrise Lake Property Owners Assoc., 101 Sunrise Drive, Milford, PA 18337-4001 |
| 5740772 | | Email/PDF: OGCRegionIIIBankruptcy@hud.gov | | |
| | | | Oct 20 2025 18:45:00 | U.S. Department of Housing and Urban Development, The Strawbridge Building, 801 Market Street, 12th Floor, Philadelphia, PA 19107 |
| 5739897 | | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | | |
| | | | Oct 20 2025 18:45:00 | Verizon Wireless, PO Box 408, Newark, NJ 07101-0408 |

TOTAL: 16

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *+ | Capital One Auto Finance, a division of Capital On, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 22, 2025        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 20, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| Kim M Diddio | on behalf of Debtor 1 Kathryn E Brenner kdiddio@diddiolaw.com kdiddio@gmail.com;r52326@notify.bestcase.com;kimdiddioattorneyatlaw@jubileebk.net |
| Matthew K. Fissel | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:                                          CHAPTER 13

**Brenner, Kathryn E**

                                                CASE NO.

                                                ✓   ORIGINAL PLAN

                                                _____ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

                                                __0__ Number of Motions to Avoid Liens
                                                __0__ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchasemoney security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1.  PLAN FUNDING AND LENGTH OF PLAN.**

    **A.  Plan Payments From Future Income**

        1.  To date, the Debtor paid $ ____0.00____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ ___25,000.00___ , plus other payments and property stated in § 1B below:

1

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2025 | 11/2029 | $500.00 | $0.00 | $500.00 | $25,000.00 |
|  |  |  |  | Total Payments: | $25,000.00 |

2.  If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3.  Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4.  CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    (    ) Debtor is over median income. Debtor estimates that a minimum of
    $ _____6,369.97_____ must be paid to allowed unsecured creditors in order to comply
    with the Means Test.

**B.  Additional Plan Funding From Liquidation of Assets/Other**

1.  The Debtor estimates that the liquidation value of this estate is $ _____6,369.97_____ .
    (Liquidation value is calculated as the value of all nonexempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_____ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

_____ Certain assets will be liquidated as follows:

2.  In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ All sales shall be completed by _____ , 20 _____ . If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2.  SECURED CLAIMS.**

**A.  Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PENNYMAC LOAN SERVICES | 101 Buck Run Drive Milford, PA 18337 | 4986 |

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PENNYMAC LOAN SERVICES | 101 Buck Run Drive Milford, PA 18337 | $14,406.17 | | $14,406.17 |

**D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

   1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

3

2.  In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3.  Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Sunrise Lake Property Owners Assoc. | 101 Buck Run Drive Milford, PA 18337 | $1,525.00 | 0.00% | $1,525.00 |

**E.  Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F.  Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.  Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

## 3.  PRIORITY CLAIMS.

**A.  Administrative Claims**

1.  Trustee's Fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2.  Attorney's fees.  Complete only one of the following options:

    a.  In addition to the retainer of $ ___500.00___ already paid by the Debtor, the amount of $ ___4,500.00___ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b.  $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3.  Other.  Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

4

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

## 4. UNSECURED CLAIMS

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.

☐ entry of discharge.

☑ closing of case.

## 7. DISCHARGE: (Check one)

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:  Adequate protection payments.
Level 2:  Debtor's attorney's fees.
Level 3:  Domestic Support Obligations.
Level 4:  Priority claims, pro rata.
Level 5:  Secured claims, pro rata.
Level 6:  Specially classified unsecured claims.
Level 7:  Timely filed general unsecured claims.
Level 8:  Untimely filed general unsecured claims to which the Debtor has not objected.

## 9.  NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:  __**09/08/2025**__                    ___**/s/ Kim M Diddio**___
                                              Attorney for Debtor


                                              ___**/s/ Kathryn E Brenner**___
                                              Debtor


                                              _____
                                              Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6